IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| JAMES BYRON RICHIE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 16-CV-526-JHP-PJC |
|  | ) |  |
| FEDERAL INSURANCE COMPANY, | ) |  |
| a foreign corporation and GREAT | ) |  |
| NORTHERN INSURANCE COMPANY, | ) |  |
| a foreign corporation | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Before the Court is Defendant Federal Insurance Company's Motion to Dismiss (Doc. No. 18). After consideration of the briefs, and for the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**.

## BACKGROUND

Plaintiff James Byron Richie ("Plaintiff") filed this action in state court against his insurers, Defendants Federal Insurance Company ("Federal") and Great Northern Insurance Company (Great Northern").[1] In the Amended Petition, Plaintiff alleges causes of action against the defendants for breach of the implied duty to deal in good faith and breach of contract. (Doc. No. 2, Ex. 1). Plaintiff alleges damage to his roof occurred as a result of a hailstorm in Tulsa, Oklahoma, in April 2014. (*Id.* ¶ 10). When Plaintiff learned of the damage in 2016, he filed a claim with his insurance company, but he has obtained no action from the defendants, leading to this action. (*Id.* ¶¶ 11-14). The defendants removed the action to this Court based on diversity

---

[1] Federal was named in the Amended Petition (Doc. No. 2, Ex. 1) as "Chubb Personal Insurance, a division of Federal Insurance Company." Federal filed a Notice of Party Name Correction on August 11, 2016 (Doc. No. 12), and in accordance with that notice, this Court directed the party name for Chubb Personal Insurance be corrected to "Federal Insurance Company" (Doc. No. 13). No other party has objected to the name correction.

1

jurisdiction. (Doc. No. 2). Federal has now moved to dismiss the Amended Petition pursuant to Federal Rule of Civil Procedure 12(b)(6).

**DISCUSSION**

In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Tenth Circuit has stated that "plausibility" in this context refers "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 569). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

Federal argues it cannot be liable to Plaintiff for either breach of contract or bad faith, because it has no contractual relationship with Plaintiff. In the Amended Petition, Plaintiff alleges both "Defendants" breached their duty to act in good faith and breached their contract with Plaintiff. (Doc. No. 2, Ex. 1, at ¶¶ 15-23). However, Federal argues only Great Northern wrote the policy and entered into the insurance contract with Plaintiff. In support, Federal

attaches the insurance policy contract between Plaintiff and Great Northern, which shows Policy No. 13986534-03 was issued by Great Northern for January 23, 2014, to January 23, 2015. (Doc. No. 18-1).[2]

Under Oklahoma law, contracts are binding only upon those who are parties to the contract, and are enforceable only by the parties to a contract, or those in privity with it, unless the contract is made for the express benefit of a third party. *Drummond v. Johnson*, 643 P.2d 634, 639 (Okla. 1982). Likewise, a bad faith claim may be made only against a party to the insurance contract, not against an agent who is not a party to the contract. *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907, 912-13 (Okla. 1982); *see United Adjustment Servs., Inc. v. Prof'l Insurors Agency, LLC*, 307 P.3d 400, 405 (Okla. Civ. App. 2013) ("Oklahoma law clearly provides that an insured cannot bring a bad faith claim against an insurance agency or its agent because they are not parties to the insurance contract."). The implied duty to deal in good faith, which is nondelegable, arises as a result of the special relationship existing between an insurer and an insured. *Wather v. Mut. Assur. Adm'rs Inc.*, 87 P.3d 559, 561-62 (Okla. 2004). This duty of good faith applies to the claims-handling process. *Id.* at 562.

In this case, Plaintiff alleges he purchased the subject insurance policy from Chubb, and the policy was issued by Great Northern. (Doc. No. 2, Ex. 1, ¶ 6). Plaintiff alleges the policy was renewed by Chubb on or about January 23, 2014, and again, issued by Great Northern. (*Id.* ¶ 8). Plaintiff further alleges he "submitted a claim to his insurance company on the 8th day of March, 2016," but "almost four months' post claim, there has been no action taken by the defendant Chubb." (*Id.* ¶¶ 13-14). The policy confirms that Great Northern was the issuer. (*See*

---

[2] The Court may consider this policy document without converting the motion to dismiss into a motion for summary judgment, because it is "central to the plaintiff's claim and referred to into the complaint," and "the document's authenticity is not in dispute." *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008) (quoting *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005)) (quotation marks omitted).

Doc. No. 18-1, at 1). The policy plainly states it "is a contract between you and us" (Doc. No. 18-1, at 14), and the "Definitions" section defines "you" as "the person named in the Coverage Summary, and a spouse who lives with that person" and "us" as "the insurance company named in the Coverage Summary," which is identified as Great Northern (*id.* at 6, 14).

Plaintiff does not allege facts sufficient to establish that a contract existed between Plaintiff and Federal. To the contrary, the Amended Petition alleges Great Northern issued the subject policy. Moreover, Plaintiff's allegation that "Defendants" entered into a contract to provide homeowner's insurance to Plaintiff (Doc. No. 2, Ex. 1, ¶21) is insufficient to state a claim, because it contradicts the allegation that Great Northern issued the policy (*id.* ¶ 6) and fails to allege that Federal was the insurance carrier. Therefore, Plaintiff's causes of action for breach of contract and breach of the implied duty to deal in good faith both fail with respect to Federal.

In his Response brief, Plaintiff does not challenge Federal's argument that the policy was issued by Great Northern, but rather argues that Chubb is the carrier because the cover letter to the policy renewal refers to the "renewal of your insurance policy with Chubb" and further states, "Relax. You're insured by Chubb." (*See* Doc. No. 20-1, at 2). Plaintiff also points out that the policy appears on "Chubb" letterhead. Plaintiff argues his Amended Petition provides sufficient allegations as to Federal, and any confusion as to the correct entities involved arises from the Defendants' own contract. However, the cited correspondence cannot overcome the plain and unambiguous language of the subject policy, which shows that Great Northern and Plaintiff are the only parties to the contract. Moreover, this correspondence expressly states that "[a]ctual coverage is subject to the language of the policy," which indicates that the correspondence is not itself a contract. (Doc. No. 20-1, at 2). Nor does the use of the Chubb

letterhead on the policy document create a contractual relationship between Federal and Plaintiff. None of the documents attached to the Response suggest a contractual relationship existed between Plaintiff and Federal.

## CONCLUSION

For the reasons detailed above, Defendant Federal Insurance Company's Motion to Dismiss (Doc. No. 18) is **GRANTED.**

_____
James H. Payne
United States District Judge
Northern District of Oklahoma